IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERESA HAYS,

    Plaintiff,

v.                                                                                                                 No. 08-1039

THE CITY OF LEXINGTON,
TENNESSEE,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS,
BUT STRIKING THE PLAINTIFF'S CLAIMS BROUGHT PURSUANT
TO 42 U.S.C. § 1981 AND 42 U.S.C. §§ 2000e ET SEQ.
_____

        The Plaintiff, Teresa Hays, brought the instant employment discrimination suit against the Defendant, the City of Lexington, after she was allegedly denied the opportunity to become a firefighter because of her gender.  Before the Court is the Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the claims the Plaintiff has brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e et seq.  The City of Lexington argues that the Complaint does not state a claim under 42 U.S.C. § 1981, because Hays has not alleged that she is a member of a racial minority.  (Docket Entry ("D.E.") No. 9, Mem. in Supp., at 1-2.)  In addition, the Defendant contends that the claim the Plaintiff brought pursuant to 42 U.S.C. §§ 2000e et seq. should be dismissed, because the Complaint does not assert that Hays exhausted her administrative remedies before bringing suit.  (Id. at 2.)  In response, the Plaintiff states that she did not intend to bring suit under those statutes and that their inclusion was a "scrivener's mistake."  (D.E. No. 10, Resp., at 1.)

        In its preliminary statement, the Complaint does relate that "[t]his case [wa]s brought" under

42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e et seq., among other statutes. (D.E. No. 1, Compl. ¶ 1.) However, they are not listed in the "Causes of Action" section, which proclaims that the Plaintiff seeks relief under 42 U.S.C. § 1983, for violations of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, and under the Tennessee's Human Rights Act, Tenn. Code Ann. §§ 4-21-101 et seq. (Id. ¶¶ 17-21.) This Court cannot dismiss a claim that the Plaintiff did not intend to bring. See Mooney v. Wallace, No. 1:04 1190, 2005 WL 2114074, at *4 (W.D. Tenn. Aug. 26, 2005) (declining to dismiss a Fourth Amendment claim when "the Complaint does not mention the Fourth Amendment as a § 1983 predicate") (Todd, J.). It can, however, strike the errant reference to 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000 et seq. from the Complaint.

For the foregoing reasons, the Court DENIES the Defendant's motion to dismiss and ORDERS that the reference to 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e et seq. be STRICKEN from the Complaint.

IT IS SO ORDERED this 13th day of August, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE